Daniel, Judge.
 

 Josiah Rogerson was the owner in fee ■of the land in dispute. He made his will, and devised the lands as set forth in the case. It is admitted by the parties, that the lessor of the plaintiff is heir at law both to the testator Josiah, and also to the ulterior devisee, Jeremiah Rogerson, in case he could in law, take the land as executory devisee. But if Obadiah Rogerson, (who would have been heir at law to the testator in case no will had been made) took the entire and absolute fee by the aforesaid devise, then the lessor of the plaintiff would be
 
 *310
 
 his heir on the part of the father, the testator, being first cousin. And the defendant is the brother of the half blood, of Obadiah Rogerson
 
 ex parte materna.
 
 Let us suppose the case to rest upon this point: then the act of assembly, passed in the year 1808 enacts, “ That on a failure of lineal descendants, and when the inheritance has been transmitted by descent from an ancestor, or has been devised by gift, devise, or settlement, from an ancestor, to whom the person thus advanced would in the event of such ancestor’s death, have been the heir, or one of the heirs, the inheritance shall descend to the next collateral relation of the person last seized, who were of the blood of such ancestor.” If Obadiah Rogerson obtained an absolute fee in the land, by the devise in his father’s will, then, as he would have been heir on the part of the father to this land, in case no will had been made by the father, and he (Obadiah) dying without lineal descendants, the inheritance shall descend from him, not as from an ordinary purchaser, but it shall descend to the next collateral relation of the person last seized, (Obadiah) who were of the blood of the ancestor Josiah. The lessor of the plaintiff is that person. She is the next collateral relation of the person last seized, of the blood of the devising ancestor; and therefore, is entitled to the land. The defendant, is not of the blood of Josiah Rogerson, and has no title. Let this case be viewed in any of the ways presented, the plaintiff still is entitled to recover.
 

 PeR CuRiam. Judgment affirmed.